IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOPHAL SIV : | |
|    *Petitioner*, | |
| | |
| v. : | |
| | CIVIL ACTION |
| SUPERINTENDENT MASON; | NO. 20-3632 |
| THE DISTRICT ATTORNEY OF THE : | |
| COUNTY OF PHILADELPHIA; and, | |
| THE ATTORNEY GENERAL OF THE | |
| STATE OF PENNSYLVANIA : | |
|    *Respondents*. | |

**MEMORANDUM**

**Jones, II    J.**                                                                                               **August 10, 2022**

### I.   Introduction

On March 30, 2014, Petitioner Sophal Siv was involved in a fatal shooting, resulting in charges of Third Degree Murder,[1] Unlawful Restraint Causing Serious Bodily Injury, and Possession of an Instrument of Crime, being brought against him.  On March 18, 2015, Petitioner pleaded guilty to said charges in the Philadelphia Court of Common Pleas and was sentenced to an aggregate term of twenty (20) to fifty (50) years' imprisonment that same day. Petitioner now seeks habeas relief from his state court convictions. Pursuant to Local Civil Rule 72.1.IV(c), the matter was referred to United States Magistrate Judge Richard A. Lloret for a Report and Recommendation ("R&R"). Judge Lloret issued an R&R denying Petitioner's request for relief

---

[1] For purposes of the plea, Petitioner's First Degree Murder charge was negotiated down to Third Degree Murder.

1

and Petitioner filed Objections thereto, which are presently pending before this Court. For the reasons set forth below, Petitioner's Objections shall be overruled.

## II. History

### A. Factual Background

As previously referenced, on March 18, 2015, Petitioner pleaded guilty to the following facts, to which he does *not* now object:

> In the early morning hours of March 30, 2014, the victim, Hai Luu, was with his fiancée, Savanary Uk, at an after-hours drinking establishment at 4929 Old York Road in North Philadelphia. N.T. 3/8/151 at 14-15. [Petitioner] Sophal Siv, who was also there, accused the victim of murdering [Petitioner's] brother. N.T. 3/8/15 at 15. [Petitioner], who was carrying a .40 caliber semiautomatic firearm and a .32 caliber revolver, then pulled out both guns, started waving them, and pointing them at the victim. N.T. 3/8/15 at 15-16. Ms. Uk then got in between [Petitioner] and the victim and people attempted to calm down [Petitioner]. N.T. 3/8/15 at 15. Ol Khao, a mutual friend of [Petitioner] and the victim, then went up to [Petitioner], grabbed his arm, and got [Petitioner] to put the guns down. N.T. 3/18/15 at 16. After Mr. Khao walked away, [Petitioner] pulled out the semiautomatic firearm, but the gun jammed, so [Petitioner] racked the gun and the bullets fell to the floor. *Id.* [Petitioner] then picked up the bullets and reloaded the gun, and shot the victim four times: three times in the torso and once in the hand. *Id.* One bullet went through the victim's right lung and heart, and another bullet went through the victim's pancreas and liver. N.T. 3/8/15 at 16-17. Police responded to the scene at approximately 2:53 a.m. N.T. 3/8/15 at 17-18. The victim was taken to the Albert Einstein Medical Center, where he was pronounced dead at 3:18 a.m. *Id*.

R&R 1-2; *see also Commonwealth v. Siv*, No. 2811 EDA 2017, 2019 Pa. Super. Unpub. LEXIS 2150, at *1-2 (Pa. Super. May 31, 2019).

Directly upon entering his guilty plea, the trial court sentenced Petitioner to a term of twenty (20) to fifty (50) years' imprisonment.

### B.     Procedural Background

#### 1.     Direct and Collateral Appeals

Mr. Siv did not appeal or otherwise directly challenge his judgment.  However, on February 22, 2016, Siv filed a Petition for Collateral Relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), challenging his trial counsel's effectiveness.  (ECF No. 2 at 73); *see also Siv*, 2019 Pa. Super. Unpub. LEXIS 2150, at *4.   On August 11, 2017, the PCRA court dismissed Mr. Siv's petition.

On September 8, 2017, Mr. Siv appealed the PCRA dismissal to the Pennsylvania Superior Court, claiming "plea counsel was ineffective in negotiating a plea to third-degree murder . . . an excessive sentence, and that PCRA counsel was ineffective in advising him that he did not have to respond to the Rule 907 notice of intent to dismiss." *Id.* at *2.  The appellate court rejected Siv's claims, finding he failed to provide a cognizable and/or meritorious legal basis for each of them.  *Id.* at *7-8.

Although Mr. Siv elected not to appeal the affirmance of his PCRA dismissal to the Pennsylvania Supreme Court or to the United States Supreme Court, he did file a second PCRA Petition on October 2, 2019, claiming the murder statute under which he was convicted was void for vagueness. On July 8, 2020, the PCRA court dismissed said Petition.

#### 2.     Habeas Review

On July 6, 2020—two days prior to dismissal of his second PCRA Petition—Mr. Siv filed the instant habeas action.  (ECF No. 2.)  On August 16, 2021, United States Magistrate Judge Richard A. Lloret issued an R&R, recommending Mr. Siv's petition be dismissed with prejudice on the bases of being untimely, procedurally defaulted, and meritless. (R&R 16.) Judge Lloret found, in pertinent part, that pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Siv's one-year

3

period of limitation for filing a Petition for Writ of Habeas Corpus ran on August 26, 2019, yet he did not file the instant Petition until July 6, 2020.  (R&R 12.)   Judge Lloret further determined that Mr. Siv failed to present any indication that he remained diligent in pursuing his rights, or that "extraordinary circumstances" existed that could potentially excuse the delay by reason of equitable tolling.  (R&R 12-13.)  Finally, Judge Lloret concluded that assuming *arguendo* Petitioner's claims were not untimely, they were nevertheless without merit or procedurally defaulted.  (R&R 13-16.)

In response to Judge Lloret's R&R, Mr. Siv filed two "Objections."  (ECF No. 24.)  Objection "1" essentially contains Mr. Siv's interpretation of the procedural history in this matter, as well as complaints that do not pertain to the legal findings contained within the R&R.[2]  In Objection "2," Mr. Siv claims his Petition is not untimely because extraordinary circumstances exist that would excuse untimeliness under the equitable tolling doctrine.  (Objs. 4-7.)  Objection "2" also contains further argument on matters raised in Objection "1."  Upon independent review of the record, this Court's assessment of same follows.

## III.   Standard of Review

When Objections are filed to the Report and Recommendation of a Magistrate Judge, the district court must conduct a de novo review of those portions of the Report and Recommendation to which Objections are made. 28 U.S.C. §636(b)(1). Although courts must give liberal construction to *pro se* habeas petitions, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso*, Civ. No. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. June 30,

---

[2] Specifically, Mr. Siv complains of alleged non-receipt of various documents (Objs. 2); the magistrate's denial of his request for counsel in light of his language barrier, the nature of the legal issues involved, and his lack of access to the law library (Objs. 3-4); and, lack of notice regarding a Show Cause hearing that did not pertain to Petitioner (Objs. 4).

2017). "Where Objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the Objections should be overruled." *Prout v. Giroux*, Civ. No. 14-3816, 2016 U.S. Dist. LEXIS 57085, at *30 (E.D. Pa. Apr. 29, 2016); see also *Guzman v. Rozum*, Civ. No. 13-7083, 2017 U.S. Dist. LEXIS 55661, at *22 (E.D. Pa. Apr. 12, 2017) ("[F]ederal district courts are not required to engage in de novo review of Objections to a Magistrate's R&R that lack specificity."); *Luckett v. Folino*, CIVIL NO. 1:09-CV-0378, 2010 U.S. Dist. LEXIS 100018, at *2 (M.D. Pa. 2010) (denying Objections to R&R because "[e]ach of these Objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ].").

**IV.   Discussion**

    **A.  Objections to the Report and Recommendation**

Mr. Siv objects to the following findings made in the R&R: 1) the Habeas Petition is untimely; and, 2) extraordinary circumstances do not exist to warrant equitable tolling. Mr. Siv did not object to the Magistrate Judge's findings that his claims are both procedurally defaulted and/or meritless.

        **1.   Statutory Tolling**

The timeliness provision of the AEDPA reads in pertinent part:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 USCS § 2244 (d)(2).

As referenced above, Petitioner's conviction and sentence occurred on March 18, 2015. Upon sentencing, Mr. Siv had thirty (30) days within which to file an appeal to the Pennsylvania Superior Court. Accordingly, the deadline for doing so would have been April 17, 2015. Pursuant to the AEDPA, Mr. Siv had one year from that date—until April 17, 2016—to file a habeas petition in federal court.

Mr. Siv did not file a direct appeal. Instead, on February 22, 2016, he filed a PCRA Petition in the Philadelphia Court of Common Pleas, which effectively stopped the habeas clock. A decision on this first PCRA Petition was rendered August 11, 2017 and Mr. Siv appealed said decision to the Pennsylvania Superior Court. On May 1, 2019, the PCRA court's dismissal was affirmed, at which point Mr. Siv had thirty (30) days to appeal to the Pennsylvania Supreme Court. Petitioner never appealed to the Pennsylvania Supreme Court, thereby reactivating the habeas clock on July 1, 2019. Adding the fifty-four (54) days Mr. Siv had remaining prior to a decision on his first PCRA, his deadline for filing a timely habeas petition became August 26, 2019. Mr. Siv did not file his habeas petition by August 26, 2019. Instead, he elected to file a second PCRA Petition on October 9, 2019—beyond the deadline for filing a habeas petition. (ECF No. 6 at 6 ¶ 10(b).) The habeas petition now before the court was not filed until July 6, 2020 and is therefore untimely. *See Rahn v. Tennis*, Civil Action No. 07-cv-3558, 2008 U.S. Dist. LEXIS 48407, at *8 (June 24, 2008) ("Judge Scuderi pointed out that equitable tolling does not apply since the federal statute of limitations had expired *before* Mr. Rahn had even filed the state PCRA petition. Therefore, the state court's dismissal of the untimely PCRA petition is

6

irrelevant to whether Mr. Rahn was deprived of a period of statutory tolling under § 2244(d)(2).").

Accordingly, Petitioner's Objection to the magistrate's finding that the instant Petition was not timely filed, is without merit.

### 2.     Equitable Tolling

In addition to claiming the magistrate erred with regard to his finding of untimeliness, Mr. Siv claims his Habeas Petition is subject to equitable tolling.  (ECF No. 24 at 5.) In *Pace v. DiGuglielmo*, the Supreme Court held "[a] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2000). Inasmuch as an assessment of the diligence employed by Petitioner in this case is contingent upon the validity of his purported grounds for equitable tolling, this Court shall assess the latter first.

Mr. Siv now claims his absence of allegations regarding the existence of extraordinary circumstances is a pleading error committed by a *pro se* litigant and should therefore be excused. However, a lack of legal knowledge or legal training does not alone warrant equitable tolling. *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 273 (3rd Cir. 2022) (citing *Ross v. Varano*, 712 F.3d 784, 799-800, 802 (3rd Cir. 2013)); *see also Sch. Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3rd Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling"); *Kim v. Cameron*, Civil Action No. 14-5320, 2016 U.S. Dist. LEXIS 54617, at *12 (E.D. Pa. April 25,

2016) ("[P]etitioner proceeding pro se and having limited knowledge of the law does not merit equitable tolling.").

Mr. Siv's additional claim that he does not understand complex legal issues is similarly unpersuasive. Mr. Siv does not claim his lack of legal knowledge constitutes an extraordinary circumstance, but rather that this lack of knowledge is why he failed to claim any extraordinary circumstances in his Habeas Petition. Even if his lack of complex legal knowledge was claimed to be an extraordinary circumstance, said claim would be without merit. Mr. Siv's originally submitted Habeas Petition was comprised of one hundred and fourteen (114) pages (ECF No. 2), including a typed thirty (30)-page *pro se* brief. Mr. Siv then amended with another twenty-eight (28)-page Petition (ECF No. 6). He essentially had from November 10, 2020 (the date upon which the matter was referred to Judge Lloret for an R&R) through June 1, 2021 (the date upon which Judge Lloret received the State Record, after which time the R&R was prepared) to seek leave to amend or file a Reply addressing the issues of "diligence" and "extraordinary circumstances," as raised by Respondents in their Opposition to his Habeas Petition. (Resp. Pet'n Writ Habeas Corpus 3.) In fact, Judge Lloret provided Mr. Siv an opportunity to file a Reply on or before June 28, 2021 (ECF No. 18), yet Mr. Siv failed to do so. As such, diligence was lacking in this instance and Mr. Siv is not entitled to relief on the basis of equitable tolling.

Mr. Siv also alleges the Covid-19 pandemic impeded his ability to conduct research of case law at the prison law library. (Objs. 7.) However, "inadequate research" is not an extraordinary circumstance that would trigger equitable tolling. *Fahy*, 240 F.3d at 244. Moreover, having limited access to the law library did not prevent Mr. Siv from timely completing and mailing the PAE AO 241 Form (Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody) or amending same at a later date. In fact, the

deadline for timely filing a habeas petition ran more than six months *before* the pandemic reached this country, thereby rendering this argument baseless.

Mr. Siv further contends that because that his native language is Cambodian, he should have been afforded court-appointed counsel.  Specifically, Petitioner claims that "[a]lthough [Mr. Siv] speaks fragmented English and completed high school, he does not understand complex legal issues and requested that a Cambodian speaking Federal Public Defender be court appointed to assist with filing important papers[.]"  (Objs. 3.)  As a preliminary matter, "[t]here is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding."  *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991).  Pursuant to 18 U.S.C. § 3006A, "[w]henever the United States magistrate [United States magistrate judge] or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2)(B).  When assessing whether the interests of justice require appointment of counsel, "[f]actors to consider include whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court."  *Dade v. DiGuglielmo*, Civil Action 08-217, 2008 U.S. Dist. LEXIS 113337, at *14 (E.D. Pa. March 25, 2008).  Where "the petition clearly is untimely and must be dismissed [and] [c]ounsel will provide no benefit to petitioner or the court[,] Petitioner's Motion for Appointment of Counsel should be denied."  *Id.* at *14-15.  *See also Weir v. Napiorski,* No. 21-1243, 2021 U.S. App. LEXIS 33922, at *5 (3d Cir. Nov. 16, 2021) ("The District Court did not abuse its discretion in denying Weir's motion for appointment of counsel as Weir's claim lacks arguable legal merit.").

With respect to Mr. Siv's claim of a language barrier, it is well settled that . . .

> [I]n limited circumstances, a language barrier can qualify for equitable tolling. The Third Circuit has held that an "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). ***However, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline***." *Id*. at 401.

*Martinez v. Delbalso*, Civil Action No. 16-1157, 2016 U.S. Dist. LEXIS 166814, at *10 (E.D. Pa. Nov. 29, 2016) (emphasis added).

Here, Mr. Siv has not demonstrated how his native language of Cambodian has affected his ability to file a timely habeas petition. Mr. Siv is concededly a high school graduate who has initiated and pursued prior *pro se* matters in state court, as evidenced by the timely PCRA Brief he filed with the Court of Common Pleas on February 22, 2016 (ECF No. 2 at 73).[3] Thus far, as a *pro se* litigant, Mr. Siv has filed timely filed motions for Reply and Appointment of Counsel, as well as timely Objections in this matter. Therefore, because Mr. Siv has demonstrated he possessed the ability to timely file a habeas petition and his alleged language disadvantage does not rise to the level of an extraordinary circumstance that would warrant equitable tolling, appointment of counsel in the "interests of justice" was not warranted.

Last, Mr. Siv contends that a Show-Cause Hearing, which was scheduled by Judge Lloret and subsequently canceled, would have helped him cure the defects in his Habeas Petition. (Objs. 4.) The purpose of the Show-Cause Hearing was for the Clerk of the Court of Common Pleas in Philadelphia to demonstrate why it had not yet filed the state court record in accordance with Judge Lloret's Order directing them to do so. (ECF Nos. 10, 20.) Although said Hearing

---

[3] This Court notes the level of sophistication with which Mr. Siv expressed his concerns in writing to one of his former attorneys. (ECF No. 2 at 82-83.) This document provides absolutely no indication that the English language presents any obstacle for Mr. Siv.

10

was ultimately canceled because the Clerk forwarded the record, [4] Mr. Siv's presence at any such hearing would have done nothing to cure the fatal timing defect of his Petition. Accordingly, Mr. Siv's allegation that the Show-Cause Hearing would have allowed him to do so is completely without merit and does not constitute a basis for equitable tolling.[5]

Because Mr. Siv has failed to demonstrate that any extraordinary circumstance stood in the way of exercising diligence in pursuing his habeas claims, this Court need not assess the level of diligence employed by Petitioner.

## V.     Conclusion

For the reasons set forth hereinabove, Petitioner's Objections shall be denied and his Petition shall be dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II     J.

---

[4] The Show-Cause Order read in pertinent part: "[A]s of the date of this order, the state court record has not yet been filed. Good cause appearing, it is on this 20th day of May, 2021, ORDERED that the respondents shall show cause at a hearing on June 7, 2021, at 10:00 a.m. (a link will be provided to all parties) to advise why they have not complied with this court's previous scheduling order, see Doc. No. 10. ***In lieu of appearing at the hearing, respondents may file the state court record by June 3, 2021***." (ECF No. 20) (emphasis added). Respondents filed the state court record on May 27, 2021 and it was received by Judge Lloret on June 1, 2021 (ECF No. 22), thereby obviating the need for a hearing.

[5] To the extent Mr. Siv's "Objections" can be construed to contain a claim that he was denied various court documents which impeded his ability to overcome the untimeliness of his Petition, the same is belied by the record. (Objs. 3.) Moreover, it is incumbent upon a habeas petitioner—or any *pro se* litigant—to be diligent in pursuing their rights.